IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| EDWIN R. JONAS III, and BLACKTAIL MOUNTAIN RANCH CO., L.L.C., a Nevada limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>RONALD F. WATERMAN, ESQ., GOUGH, SHANAHAN, JOHNSON & WATERMAN, a professional limited liability partnership, and HONORABLE CHARLES B. McNEIL, a/k/a C.B McNEIL,<br><br>Defendants. | CV 13-16-M-DLC-JCL<br><br>ORDER |

**I.     Background**

On March 13, 2013, the Court entered an order, upon motion of Defendants Ronald Waterman and Gough, Shanahan, Johnson & Waterman, PLLP, advising Plaintiff Blacktail Mountain Ranch Co., LLC, (collectively referred to as "Waterman") that it could not appear in this matter through co-Plaintiff Edwin Jonas III, but must be represented by a licensed attorney. The order further directed Blacktail Mountain Ranch Co., LLC to file a status report on or before March 27, 2013, advising the Court whether it has retained an attorney to

-1-

represent it. Because it was clear to the Court that Mr. Jonas could not represent Blacktail Mountain Ranch Co., LLC, the Court entered the referenced order without awaiting a response from the Plaintiffs.

In response, Plaintiffs filed a motion titled "Motion to Vacate Order of March 1, 2013 Pursuant to Rule 60(b)," asserting the Court committed error by not affording them the opportunity to respond to the Defendants' motion to dismiss and assuming that Blacktail Mountain Ranch Co., LLC is a corporation. In addition, the Plaintiffs moved the Court to grant them an additional 60 days to retain counsel in the event the Court does not vacate the order of March 13, 2013, and effectively deny Defendant Waterman's motion to dismiss. Finally, the Plaintiffs filed a brief addressing the propriety of allowing Jonas to represent Blacktail Mountain Ranch Co., LLC.

The Plaintiffs advise the Court that Defendant Waterman opposes both motions. Notwithstanding Defendant Waterman's objection, the Court deems it advisable in the interests of judicial economy to dispose of both motions without awaiting a response from Defendant Waterman.

**II.  Discussion**

    A.  <u>Motion to Vacate the March 13, 2013, Order</u>

The Plaintiffs fail to present a persuasive, let alone compelling, argument

that the Court's March 13, 2013, Order disallowing Blacktail Mountain Ranch Co., LLC to appear in this matter through Mr. Jonas should be vacated.

"It has been the law for the better part of two centuries...that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Calif. Men's Colony*, *Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (199)(*citing Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824)). And as noted by the Court in *Rowland*, but for a "few aberrant cases", the lower courts have uniformly held that 28 U.S.C. § 1654, "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland*, 506 U.S. at 202 (citations omitted). Thus, it is a longstanding rule that "[c]orporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) (citations omitted). Consequently, a limited liability company – a legal entity distinct from its members – may appear in federal court only through a licensed attorney. *See United States v. Hagerman,* 545 F.3d 579, 581-82 (7th Cir. 2008); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2nd Cir. 2007).

The Plaintiffs ask the Court to craft an exception to this well-established rule because Mr. Jonas is the managing member and fifty percent beneficial owner

Blacktail Mountain Ranch Co., LLC. And, more importantly, because he is a former practicing attorney – although apparently not currently licensed. Plaintiffs argue the Court should look beyond Mr. Jonas's unlicensed status and allow him to represent Blacktail Mountain Ranch Co., LLC because he is competent to undertake that representation. The Court will not do so.

An attorney may appear on behalf of a party in this Court if he is admitted to the bar of this Court or granted permission to appear pro hac vice. Local Rule 83.1. To receive permission to appear pro hac vice, a non-member attorney must, at a minium, be "an active member in good standing of the Bar of any United States Court or of the highest court of any state or of any territory or insular possession of the United States. L.R. 83.1(d)(1). Based upon the statements contained in the Plaintiffs' brief, it appears that Mr. Jonas does not satisfy the "active member" requirement of Local Rule 83.1(d)(1). But if Mr. Jonas can establish he satisfies the criteria Local Rule 83.1(d)(1) he may seek permission to appear pro hac vice on behalf of Blacktail Mountain Ranch Co., LLC. As it stands, however, the Court's order of March 13, 2013, requiring Blacktail Mountain Ranch Co., LLC to appear through a licensed attorney will remain in effect.

 B. <u>Motion for Additional Time</u>

As noted, the Plaintiffs move, in the alternative, for an additional 60 days to secure licensed counsel to represent Blacktail Mountain Ranch Co., LLC. Under the circumstances, the Court deems it appropriate to grant Blacktail Mountain Ranch Co., LLC additional time to secure counsel. But the Court finds that 45 additional days, until May 9, 2013, will be a sufficient period of time for Blacktail Mountain Ranch Co., LLC to secure the services of a licensed attorney.

### III. Conclusion

For the reasons stated, Plaintiffs' motion requesting the Court to vacate the order of March 13, 2013, is DENIED.

The Plaintiffs' motion requesting additional time to secure the services of a licensed attorney to represent Blacktail Mountain Ranch Co., LLC is GRANTED, and Blacktail Mountain Ranch Co., LLC is afforded until May 9, 2013, to have a licensed attorney enter an appearance on its behalf.

IT IS SO ORDERED.

Dated this 25th day of March, 2013

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge