IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| EDWIN R. JONAS III, and BLACKTAIL MOUNTAIN RANCH CO., L.L.C., a Nevada limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>RONALD F. WATERMAN, ESQ., GOUGH, SHANAHAN, JOHNSON & WATERMAN, a professional limited liability partnership, and HONORABLE CHARLES B. McNEIL, a/k/a C.B McNEIL,<br><br>Defendants. | CV 13-16-M-DLC-JCL<br><br>FINDINGS & RECOMMENDATION |

Pro se Plaintiffs Edwin R. Jonas III (" Mr. Jonas") and Blacktail Mountain Ranch Co., LLC bring this action following the enforcement of two foreign judgments against them in state court.[1]  Defendant Hon. Charles B. McNeil moves

---

[1] The Court has previously held that Blacktail Mountain Ranch Co., LLC can only appear in this matter through a licenced attorney, which has yet to occur. Even assuming Blacktail Mountain Ranch appears through counsel as ordered, however, it has not stated a claim against Judge McNeil for the reasons set forth

-1-

to dismiss Plaintiffs' claims based on the doctrine of judicial immunity. Because Judge McNeil is immune from suit, his motion should be granted.

## I.   Background[2]

Mr. Jonas and his former wife, Linda, were parties to a longstanding "divorce battle" that began several years ago in New Jersey and ultimately involved courts in New Jersey, Florida, and Montana. *Jonas v. Jonas*, 2010 WL 4527053 *1 (Mont. Nov. 9, 2010). In May 2006, a New Jersey court entered judgments against Jonas for unpaid child support, alimony, and attorneys fees. *Jonas*, 2010 WL 4527053 *1. Linda then sought to have those "judgments enforced in Montana pursuant to the Uniform Enforcement of Foreign Judgments Act, §§ 29-9-501 to -508." *Jonas,* 2010 WL 4527053 *1. Judge McNeil is the state district court judge who presided over that enforcement action.

Plaintiffs filed this suit in January 2013, advancing legal malpractice claims against their attorneys in the state court action, and claims against Judge McNeil under 42 U.S.C. § 1983. Plaintiffs allege that Judge McNeil issued orders and "took judicial actions" in the state court enforcement action in violation of their

---

below.

[2] The following facts are taken from the Complaint, as supplemented by matters of public record of which the Court may take judicial notice. *See e.g Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

due process rights under the United States Constitution. Dkt. 1, ¶ 18. But because Judge McNeil is entitled to judicial immunity, Plaintiffs have failed to state a claim upon which relief can be granted.

## II. Legal Standard

Fed. R. Civ. P. 12(b)(6) permits a party to move for dismissal where the allegations of a pleading "fail[] to state a claim upon which relief can be granted." A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint will survive a motion to dismiss if it alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory," then dismissal under Rule 12(b)(6) is appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Where, as here, a plaintiff is proceeding pro se, the court should construe the pleadings liberally. *See e.g. Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *Ortez v. Washington County Oregon*, 88 F.3d 804, 807 (9th Cir. 1996).

As a general rule, "a court may not consider material beyond the complaint in ruling on Fed. R. Civ. P. 12(b)(6) motion." *Intri-Plex Technologies* 499 F.3d at 1052. "However, '[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment,' as long as the facts noticed are not 'subject to reasonable dispute.'" *Intri-Plex Technologies*, 499 F.3d at 1052 (*quoting Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2007). Under this standard, the Court may take judicial notice of pleadings and orders filed in related state court cases. *See e.g.*, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).

### III. Discussion

It is well-established that judges are absolutely immune from civil liability for judicial acts taken in their official capacity. *See e.g. Pierson v. Ray*, 386 U.S. 547, 554-55 (1967). This immunity applies to suits under 42 U.S.C. § 1983. *Pierson*, 386 U.S. at 554-55; *Sherman v. Babbitt*, 772 F.2d 1476, 1477 (9th Cir. 1985). The doctrine of judicial immunity provides an absolute immunity from

suit, not just from an assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial "immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) (*quoting Bradley v. Fisher*, 80 U.S. 335, 347 (1871)).

Judges are entitled to immunity "for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 425 U.S. 349, 356 (1978) (*quoting Bradley*, 80 U.S. at 351). *See also Mireles,* 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice"). Even "grave procedural errors" do not deprive a judge of immunity. *Ashelman v. Page*, 793 F.2d 1072, 1077 (9th Cir. 1986) (*citing Stump*, 435 U.S. at 359)).

There are only two exceptions to judicial immunity: (1) where a judge is not acting in his "judicial capacity"; or (2) where a judge acts "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. *See also Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006). "A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction." *Miller v. Davis*, 521 F.3d

1142, 1147 (9th Cir. 2008). Where "jurisdiction over the subject-matter is invested by law in the judge or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case." *Stump*, 435 U.S. at 356 n. 6.

Here, Plaintiffs seek to hold Judge McNeil liable under § 1983 for allegedly violating their due process rights under the United States Constitution.³ Dkt. 1, ¶ 20. They claim that Judge McNeil improperly (1) issued a charging order dissolving Blacktail Mountain Ranch and allowing that the proceeds be used to satisfy the judgments; (2) entered an order for receivership and appointing "an interested person" as receiver; (3) entered an order directing the sale of cattle owned by Blacktail Mountain Ranch; (4) directed that an allegedly erroneous writ of execution be issued; and (5) entered a writ of assistance to dispossess Plaintiffs "from the real property" owned and operated by Blacktail Mountain Ranch. Dkt. 1, ¶ 21.

---

³ Plaintiffs also allege that Judge McNeil violated the limited liability law of Nevada and Montana, and violated their rights under the Montana Constitution. Dkt. 1, ¶ 20. But § 1983 does not allow relief for alleged violations of state law or state constitutional rights. *See e.g. Maizner v. Hawaii, Dept. of Educ.*, 405 F.Supp.2d 1225, 1240 (D. Hawaii 2005) (*citing Moreland v. Las Vegas Metro. Police Dept,* 159 F.3d 365, 371 (9th Cir. 1998)). Even if it did, Judge McNeil would be entitled to judicial immunity for the reasons set forth below.

Plaintiffs do not dispute that Judge McNeil was acting in his judicial capacity when he issued these orders. In fact, they allege as much in the Complaint and specifically characterize Judge McNeil's actions in the case as "judicial" ones. Dkt. 1, ¶ 20. Focusing instead on the second exception to the judicial immunity doctrine, Plaintiffs' complaint alleges "that at all times relevant, [Judge McNeil] acted in the complete absence of any jurisdiction over [Blacktail Mountain Ranch]." Dkt. 1, ¶ 19. Plaintiffs are mistaken.

Montana's district courts have "original jurisdiction in all ... civil matters and cases at law and in equity ... and such additional jurisdiction as may be delegated by the laws of the United States or the state of Montana." Mont. Const. art VII, § 4. And by statute, Montana's district courts have original jurisdiction in "all civil...matters" and "all cases at law and in equity." Mont. Code Ann. § 3-5-302(1)(b)&(c).

A civil action to enforce a foreign judgment like that brought before Judge McNeil clearly falls within these broad jurisdictional grants. The Montana Supreme Court has often cited the well-established principle that "pursuant to the Full Faith and Credit Clause, 'a valid judgment rendered in one state must be recognized in a sister state.'" *Cook v. Soo Line R. Co.*, 198 P.3d 310, 314 (Mont. 2008) (*quoting Thoring v. LaCounte*, 733 P.2d 340, 342 (Mont. 1987)). That the

district courts of this state have subject matter jurisdiction over cases concerning foreign judgments is particularly evident in light of Montana's Uniform Enforcement of Foreign Judgments Act ("the Act"), which establishes a specific procedural mechanism for enforcing foreign judgments. Mont. Code Ann. §§ 25-9-501 et seq. The Act provides, for example, that a properly authenticated foreign judgment "filed in the office of the clerk of any district court of this state ... has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a district court of this state and may be enforced or satisfied in like manner." Mont. Code Ann. § 25-9-503.

In the state court action presided over by Judge McNeil, Mr. Jonas's ex-wife was a judgment creditor who sought to domesticate and enforce two foreign judgments issued by the New Jersey courts. *Jonas*, 2010 WL 4527053 * 1. There can be no real question that the district court and Judge McNeil had subject matter jurisdiction over that action, derived both by statute and from the Montana Constitution. Mont. Const. Art VII § 4; Mont. Code Ann. § 3-5-302; Mont. Code Ann. §§ 25-9-501 et seq.

Plaintiffs nonetheless argue that Judge McNeil was acting in the "clear absence of all jurisdiction" because the district court lacked personal jurisdiction over Blacktail Mountain Ranch. Dkt. 13, at 7-9. But even assuming Judge

McNeil erroneously decided or assumed that the court had personal jurisdiction over Blacktail Mountain Ranch, he is still entitled to judicial immunity. As explained by the Ninth Circuit, "[a] clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction." *Miller*, 521 F.3d at 1147. This means that "a judge is entitled to immunity even if there was no personal jurisdiction over the complaining party." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986); *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302-03 (9th Cir. 1989).

Plaintiffs also argue that Judge McNeil is not entitled to judicial immunity because the orders he issued violated the limited liability laws of Nevada and Montana. But a judge is not deprived of immunity just because an action he took was in error or in excess of his authority. *Stump*, 435 U.S. at 355-57. Thus, even assuming Judge McNeil somehow acted in excess of his authority or erred in issuing any of the orders to which Mr. Jonas objects, he would still be immune from suit.

Even accepting the allegations in Plaintiffs' complaint as true, there is nothing to suggest that Judge McNeil ever acted outside of his judicial capacity or in the clear absence of all jurisdiction while presiding over the state court case. Because Judge McNeil is thus entitled to judicial immunity, Plaintiffs have failed to state a claim for relief under § 1983. Judge McNeil's motion to dismiss should

be granted accordingly.

## IV. Conclusion

For the reasons set forth above,

IT IS RECOMMENDED that Judge McNeil's motion to dismiss be GRANTED.

DATED this 25th day of March, 2013

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge