IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| EDWIN R. JONAS III, and BLACKTAIL MOUNTAIN RANCH CO., L.L.C., a Nevada limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>RONALD F. WATERMAN, ESQ., GOUGH, SHANAHAN, JOHNSON & WATERMAN, a professional limited liability partnership, and HONORABLE CHARLES B. McNEIL, a/k/a C.B McNEIL,<br><br>Defendants. | CV 13-16-M-DLC-JCL<br><br>ORDER |

Plaintiffs Edwin Jonas, III and Blacktail Mountain Ranch Co., LLC (collectively "Jonas") have filed a Motion to Strike Declaration of M. Christy McCann and for Sanctions Pursuant to Fed. R. Civ. P. 11.

M. Christy McCann is one of the attorneys representing Defendants Ronald F. Waterman and Gough, Shanahan, Johnson & Waterman in this matter. Defendants submitted McCann's declaration, along with several attached exhibits, in support of their pending motion for summary judgment. Dkt. 45. Jonas moves to strike McCann's declaration on the ground that she does not have personal

1

knowledge of the facts set forth therein, and requests Rule 11 sanctions.

A motion for Rule 11 sanctions must comply with several strict requirements.  For one thing, Rule 11 requires that a motion for sanctions be "made separately from any other motion."  Fed. R. Civ. P. 11(c)(2).  Because Jonas filed his Rule 11 motion jointly with his motion to strike McCann's declaration, he has failed to comply with this requirement.

Rule 11 also requires that:

The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2).

The purpose of this "safe harbor" provision is to give the alleged offending party an opportunity "to withdraw the offending pleading *and thereby escape sanctions."* *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (emphasis in original).  And if the document challenged is timely withdrawn, the motion may not be filed with the court.  *Id.*  A party may not obtain Rule 11 sanctions unless it complies with the safe harbor provision and provides the Court with evidence that it has done so.  *Winterrowd v. American General Annuity Ins. Co.*, 556 F.3d 815, 825 (9th Cir. 2009).  *Cameron v. Rantz*, 2009 WL 2421720 *3 (D. Mont. 2009);

*Wolverton v. MortgageIt, Inc.*, 2011 WL 5117573 *4 (D. Nev. 2011); *Bryant v. Knight*, 2011 WL 836658 *2 (E.D. Cal. 2011). Jonas has not provided the Court with any evidence that he has complied with this safe harbor provision. Because Jonas has not complied with Rule 11's procedural requirements,

   IT IS ORDERED that Plaintiffs' Motion to Strike Declaration of M. Christy McCann and for Sanctions Pursuant to Fed. R. Civ. P. 11 is DENIED, subject to renewal upon compliance with the Rule 11 requirements set forth above. The Court notes that Jonas filed a single brief in response to Defendants' motion for summary judgment and in support of his motion to strike and for sanctions. The Court will consider that brief to the extent it responds to the summary judgment motion.

   Dated this 5th day of June, 2013.

   _____
   Jeremiah C. Lynch
   United States Magistrate Judge