IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

JUN 12 2013

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| EDWIN R. JONAS III, and BLACKTAIL MOUNTAIN RANCH CO., L.L.C., a Nevada limited liability company, | CV 13-16-M -DLC- JCL |
| Plaintiffs, | ORDER |
| vs. | |
| RONALD F. WATERMAN, ESQ., GOUGH, SHANAHAN, JOHNSON & WATERMAN, a professional limited liability partnership, and HONORABLE CHARLES B. McNEIL, a/k/a C.B. McNEIL, | |
| Defendants. | |

Plaintiffs Edwin R. Jonas and Blacktail Mountain Ranch Co., LLC

("Plaintiffs") filed this suit in January 2013 alleging legal malpractice against their

former attorneys and claims against Hon. Charles B. McNeil under 42 U.S.C. §

1983. United States Magistrate Judge Jeremiah C. Lynch issued Findings and

Recommendations to dismiss Plaintiffs' complaint against Judge McNeil on

March 25, 2013. (Doc. 23). Plaintiffs timely filed objections and are therefore

entitled to de novo review of the specified findings and recommendations to which

1

they object.  28 U.S.C. § 636(b)(1).  The portions of the findings and

recommendations not specifically objected to will be reviewed for clear error.

*McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313

(9th Cir. 1981).  For the reasons stated below, this Court adopts Judge Lynch's

findings and recommendations in full.  Additionally, this Court grants Defendants'

motion to dismiss Plaintiff Blacktail Mountain Ranch Co., LLC ("BMR") from

these proceedings.  The parties are familiar with the factual and procedural

background of this case so it will not be repeated here.

First, Plaintiffs make numerous objections to Judge Lynch's findings and

recommendations that Judge McNeil has absolute immunity from civil liability for

judicial acts taken in his official capacity.  However, Plaintiffs' objections fail to

advance any plausible arguments showing that Judge McNeil acted outside his

official capacity or acted without subject matter jurisdiction.  As Judge Lynch

pointed out in his findings and recommendations, the Montana Constitution

clearly provides that Montana's district courts have original jurisdiction in all civil

matters.  Mont. Const. art VII, § 4.  Additionally, original jurisdiction in all civil

matters is bestowed by statute to Montana's district courts. Mont. Code. Ann. § 3-

5-302(1)(b)&(c).  Plaintiffs fail to advance any credible arguments denying these

constitutional and statutory grants of jurisdiction.  Because Judge McNeil was

2

acting within his official capacity and with subject matter jurisdiction, he is immune from civil liability and is dismissed from this litigation.

Next, Plaintiffs object to Judge Lynch entering his March 13, 2013 Order before Plaintiffs could file their responsive brief and, as a result, argue they were denied due process of law. Plaintiffs are mistaken. In his Order, Judge Lynch allowed Plaintiffs to make arrangements for BMR to obtain counsel and gave them 14 days to file a status report advising the Court whether it had done so. (Doc. 17.) In addition to this 14 day period, Plaintiffs requested additional time to retain counsel for BMR and argued Plaintiff Jonas ("Jonas") is legally able to represent BMR in this Court. (Docs. 20, 21.) Judge Lynch reviewed these filings, granted the extension, and gave BMR an additional 45 days to obtain counsel. (Doc. 22.) As a result, Plaintiffs have received due process of law.

Plaintiffs next object to Judge Lynch's findings and recommendations that limited liability companies ("LLCs") must be represented by a licensed attorney in federal court. Plaintiffs argue that Judge Lynch incorrectly assumed prior case law, which requires corporations to be represented by an attorney, also applies to LLCs. Plaintiffs argue "this is a case of first impression" and "deserves a fresh and thorough review by this court [sic]." (Doc. 26.) Plaintiffs are again mistaken. The Second and Seventh Circuit U.S. Courts of Appeal have considered this very

3

issue and have found that LLCs, like corporations, are required to appear in federal court through licensed counsel. *See United States v. Hagerman*, 545 F.3d 579 (7th Cir. 2008); *Lattanzio v. COMTA*, 481 F.3d 137 (2d Cir. 2007). Additionally, the United States Supreme Court has expressly found that "a corporation may appear in federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993)(citations omitted). Plaintiffs' objections ignore this clear precedent, and instead argue their case fits into a narrow exception outlined by *United States v. Reeves*, 431 F.2d 1187 (9th Cir. 1970). However, Plaintiffs fail to acknowledge the *Reeves* decision was based upon the individual facts of the case, did not follow federal precedent and has not been followed by any other federal court. *Rowland*, 506 U.S. at 202 n. 5. Plaintiffs also cite *C.E. Pope Trust v. United States*, 8 F.2d 696 (9th Cir. 1987) to support their argument. However, *C.E. Pope Trust*, like *Reeves*, was limited to the facts of the case and is not applicable in this case. The issue of whether an LLC is required to be represented in federal court by a qualified attorney has been settled by the federal judiciary and Plaintiffs' arguments do not persuade the Court to stray from this clear authority.

Finally, Plaintiffs argue that Plaintiff Jonas is a qualified attorney and is fit

4

to represent BMR in these proceedings.  This Court does not doubt that Jonas is an experienced attorney.  However, experience alone does not qualify an individual to represent an LLC in this Court.  This Court's Local Rule 83.8(b) requires "[a]ny entity other than an individual, including but not limited to a corporation, an unincorporated association, a partnership, or a union, may appear only by an attorney."  If the attorney representing an LLC is not a member of this District's Bar, Local Rule 83.1(d) provides for an appearance through this District's *pro hac vice* process.  Attorneys seeking to appear *pro hac vice* must follow the procedures outlined in Local Rule 83.1(d).  Jonas has not followed the procedures laid out in 83.1(d) and, therefore, is not qualified to represent BMR in this proceeding.  Because BMR is not represented by a qualified attorney, Defendants' motion to dismiss Plaintiff Blacktail Mountain Ranch Co., LLC from this proceeding will be granted.

There being no clear error in Judge Lynch's remaining findings and recommendations,

IT IS HEREBY ORDERED:

1. Judge Lynch's Findings and Recommendations (doc. 23) are ADOPTED in full.

2. Defendant Hon. Charles B. McNeil's Motion to Dismiss  (doc. 15.) is

5

GRANTED and Judge McNeil is DISMISSED from this action.

   3. Plaintiff Blacktail Mountain Ranch Co., LLC is DISMISSED.


Dated this 12th day of June 2013.

Dana L. Christensen, Chief Judge
United States District Court