IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| EDWIN R. JONAS III, <br><br> Plaintiff, <br><br> vs. <br><br> RONALD F. WATERMAN, ESQ., GOUGH, SHANAHAN, JOHNSON & WATERMAN, a professional limited liability partnership, <br><br> Defendants. | CV 13-16-M-DLC- JCL <br><br> ORDER |

FILED

DEC 0 2 2013

Clerk, U.S District Court
District Of Montana
Missoula

Pro se Plaintiff Edwin R. Jonas ("Jonas") filed suit in January 2013 alleging legal malpractice against his former attorney and his attorney's law firm. Defendants Ronald F. Waterman ("Waterman") and Gough, Shanahan, Johnson & Waterman, PLLP (collectively "Defendants") moved for summary judgment. (Doc. 42.)

United States Magistrate Judge Jeremiah C. Lynch issued findings and recommendations granting Defendants' motion in full. (Doc. 91.) Jonas timely filed objections and is entitled to de novo review of the specific findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the

1

findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, the Court adopts Judge Lynch's findings and recommendations in full. The parties are familiar with the factual and procedural background of this case so it will not be repeated here.

## A. Res Judicata

Jonas first objects to Judge Lynch's finding that the doctrine of res judicata applies to this action. Specifically, Jonas contends that Judge Lynch erroneously found that the Montana Supreme Court held that Jonas' suit would have been barred by res judicata. Jonas bases this objection on two arguments: (1) Judge Lynch ignored the previous decisions in the underlying litigation; and (2) the Court's finding of res judicata was merely dictum because the issue was not raised at the trial level or on appeal.

Jonas' first argument is utterly without merit. Judge Lynch clearly considered the previous decisions leading to Jonas' appeals to the Montana Supreme Court, as well as that Court's ultimate decisions. (See Doc. 91 at 10–15.) Additionally, Jonas claims Judge Lynch ignored the opinions and findings of the New Jersey decisions, which formed the basis for the Montana litigation. Again, this argument is without merit. In *Jonas v. Jonas*, CV 13-90-M-DWM-JCL,

D. Mont. (Aug. 21, 2013), Judge Lynch thoroughly reviewed the New Jersey judgments and ultimately concluded they were final. As such, Jonas' argument that Judge Lynch ignored the previous decisions in the underlying litigation is baseless.

Jonas' second contention, that the res judicata issue was not raised at the trial or on appeal, is simply false. Disregarding the fact the Jonas fails to cite to any legal authority for the argument that the Montana Supreme Court's finding is dictum,[1] a review of the record clearly shows the issue of res judicata was raised both at trial and on appeal. At the trial level, Linda Jonas raised the issue of res judicata and Waterman replied to the argument in a sur-reply brief. (Doc. 49-11.) Also, Linda thoroughly briefed the argument in her response brief to Jonas' first appeal to the Montana Supreme Court. Appellee's Response Br., *Jonas v. Jonas*, 249 P.3d 80 (Mont. 2010) (unpublished opinion). Accordingly, Jonas' argument that the issue was never raised is simply not true.

Turning to Jonas' dictum argument, the Montana Supreme Court clearly held that Jonas' suit was barred by res judicata:

---

[1] This is not the only argument for which Jonas fails to cite to legal authority. Jonas fails to cite to any legal authority for any of his objections to Judge Lynch's findings and recommendations.

3

> All the elements of res judicata are met. It appears this issue was actually litigated. *See Jonas v. Jonas*, 2008 WL 239069 *1 (N.J. Super. A.D. January 30, 2008). Even if it was not, the record makes clear that [Jonas] had the opportunity to litigate this issue in New Jersey before the judgments were entered. Res judicata bars [Jonas'] claim in Montana.

*Jonas v. Jonas*, 249 P.3d 80, *2 (Mont. 2010) (unpublished opinion).

As Judge Lynch states, the opinion expressly holds that Jonas' claim is barred by res judicata.

Finally, Jonas repeatedly urges the Court to reevaluate the Montana Supreme Court's decisions for error in application of the law to the facts of the underlying suit. Essentially, Jonas argues that the Montana Supreme Court's application of res judicata was incorrect, and that it is this Court's duty to rectify the error. It is not this Court's duty to review a state supreme court's decision for error, and it declines to do so here.

## B. Causation

Jonas' argues that Judge Lynch erred in finding that Waterman's alleged conduct was not the cause of Jonas' damages. Jonas bases his objection on two arguments: (1) Waterman's failure to file supporting briefs foreclosed any opportunity for the trial court to rule on the merits of Jonas' defense to Linda's domestication suit; and (2) this failure resulted in the Montana Supreme Court

4

issuing a decision based on dictum, rather than on the merits. Both of these arguments must fail.

First, although Waterman was cited by the state trial court and the Montana Supreme Court for failing to file supporting briefs, both courts heard Jonas' defense to Linda's domestication suit. As stated above, Waterman filed a responsive brief and a sur-reply in opposition to Linda's motion for a charging order. In the sur-reply, Waterman argued Jonas' defense to Linda's suit, as well as the issue of res judicata. (Doc. 49-11 at 2.) Waterman also raised Jonas' defense to Linda's suit in the opening brief to the Montana Supreme Court. Opening Br. of Appellant, *Jonas v. Jonas*, 249 P.3d 80 (Mont. 2010) (unpublished opinion). The Court acknowledged this defense when it stated "[Jonas'] claim that the 2006 New Jersey judgements were satisfied by prejudgment transfers of money and property held in constructive trust for Linda is barred by res judicata." *Jonas*, 249 P.3d at *2. Thus, both the trial court and the Montana Supreme Court heard Jonas' defense to Linda's suit.

Second, Jonas' repeatedly characterizes the Montana Supreme Court's holding that his claim was barred by the doctrine of res judicata as dictum. As established above, the determination that Jonas' claim is barred by res judicata is clearly part of the Court's holding, notwithstanding the alleged procedural errors
5

committed by Waterman. Jonas bases his legal malpractice claims on the argument that if Waterman had not committed the alleged procedural errors, the outcome of the decision would have been different. However, a plain reading of *Jonas I* clearly establishes that the Montana Supreme Court would have barred Jonas' suit, regardless of the alleged errors. To defeat Waterman's motion for summary judgment, Jonas must present evidence that the outcome of the underlying litigation would have been decided differently but for Waterman's alleged negligence. *Labair v. Carey*, 291 P.3d 1160, 1166 (Mont. 2012). Jonas does not allege any conduct by Waterman that would have altered the Montana Supreme Court's decision on res judicata. Accordingly, Defendants' motion for summary judgment will be granted.

## C. Rule 11 Sanctions

Jonas also objects to Judge Lynch's recommendation that the Court deny his motion for Rule 11 sanctions against Waterman. Jonas fails to advance a compelling argument or cite any legal authority for rejecting Judge Lynch's recommendation. Jonas' Rule 11 motion is entirely inappropriate and unfounded. The Court will adopt Judge Lynch's findings and recommendations, and deny Jonas' motion for Rule 11 sanctions.

There being no clear error in Judge Lynch's remaining findings and recommendations, IT IS ORDERED:

1. Judge Lynch's Findings and Recommendations (Doc. 91) are ADOPTED in full.

2. Defendants' motion for summary judgment (Doc. 42) is GRANTED, and this case is DISMISSED in its entirety.

3. Plaintiff's alternative motions (Docs 70; 76) to amend the June 12, 2013, order of dismissal to either set forth the grounds necessary for an interlocutory appeal under 29 U.S.C. § 1292(b) or include a certification under Fed. R Civ. P. 54(b) are DENIED as moot.

4. Plaintiff's motion for sanctions pursuant to Fed. R. Civ. P. 11 is DENIED.

5. The Clerk shall close this matter, vacate all pending deadlines, and deny all pending motions as moot.

Dated this 30th day of November 2013.

Dana L. Christensen, Chief Judge
United States District Court